CLIENT'S COPY

# HIMMELSTEIN, MCCONNELL, GRIBBEN DONOGHUE & JOSEPH

ATTORNEYS AT LAW
15 MAIDEN LANE
NEW YORK, NY 10038

TEL (212) 349-3000 • FAX (212) 587-0744
WWW.HMGDJLAW.COM

SAMUEL J. HIMMELSTEIN
KEVIN R. MCCONNELL
WILLIAM J. GRIBBEN
ELIZABETH DONOGHUE
SERGE JOSEPH
DAVID S. HERSHEY-WEBB

JANET RAY KALSON
RONALD S. LANGUEDOC

DAVID E. FRAZER
OF COUNSEL

March 28, 2016

<u>Via Email and Regular Mail</u>
ROSEN LIVINGSTON & CHOLST LLP
275 Madison Avenue – Suite 500
New York, New York 10006
Attn: Andrew J. Wagner Esq.

Re.: **Meril Lesser; 230 East 15th Street Apt. #5J, New York, NY 10003**

Dear Mr. Wagner,

As you are aware, this firm has been retained by Meril Lesser, the long-term shareholder and proprietary lessee of the above referenced apartment. I write with regards to the Notice to Cure, ("Notice"), dated March 7, 2016, served by your office. This letter is written without prejudice to any defenses regarding the legal sufficiency, manner of service, or contents of the Notice.

Ms. Lesser purchased her apartment in 1999. At the time of her interview, Ms. Lesser informed the Board of Directors ("Board") that she had pet parrots and was informed that this was a "pet friendly" building and that her having parrots was therefore not an issue. Indeed, for the first sixteen years of her tenancy there were no complaints of any kind.

The Notice, in sum and substance, alleges that Ms. Lesser's pet parrots are the source of excessive noise which disturbs other tenants. While the Notice references "several complaints" and two letters purportedly sent by building management, the Notice is void of any factual specificity whatsoever. Indeed, the Notice's lack of factual specificity and conclusory allegations render it facially defective. *Cosmopolitan Broadcasting Corp. v. Miranda*, 143 Misc. 2d1, 539 N.Y.S.2d 265 (N.Y. City Civ. Ct. 1989); *3528 Broadway Corp v. Cepin*, 12/11/91 N.Y.L.J. 25 col. 3 (Civ. Ct. Kings Co.)(A notice that fails to set forth specific facts and simply sets forth legal conclusions is inadequate); *Spivak Realty Co., Inc. v. Svobodny*, 21 Misc. 3d 1147(A), 875 N.Y.S.2d 824 (Dist. Ct. 2008)(Notice fails to provide dates, times, names of tenants affected by the alleged nuisance and fact specific examples of the nuisance). In addition, the lack of detail prejudices our client's ability to respond to the Notice.

Notwithstanding the legal insufficiency of the Notice, the conduct complained of therein does not rise to the level of objectionable conduct and/or nuisance as a matter of law. "Nuisance imports a continuous invasion of rights--a pattern of continuity or recurrence of objectionable conduct." *Frank v. Park Summit Realty Corp.*, 175 A.D.2d 33, 34, 573 N.Y.S.2d 655 (1st Dept. 1991), *mod of other grounds* 79 N.Y.2d 789, 587 N.E.2d 287, 579, N.Y.S.2d 649 (1991). In order to prevail on a nuisance claim a landlord must establish that a tenant has engaged in behavior that threatens the life, health or safety of the owner or of other tenants. *Id.*

It is well-established that "we live in an urban setting and cannot expect a noise-free environment when we choose to live in New York City," *Gerber v. Gentry,* NYLJ, April 18, 1990, page 23, col. 1, (Civ. Ct., N.Y. Co.). "Apartment-house living in a metropolitan area is attended with certain well-known inconveniences and discomforts. The peace and quiet of a rural estate or the sylvan silence of a mountain lodge cannot be expected in a multiple dwelling." *Smalkowski v. Vernon*, 2001 N.Y. Misc. LEXIS 456 (Civ. Ct. Kings Co. 2001) *quoting Matter of Twin Elm Management Corp. v. Banks*, 181 Misc. 96, 97, 46 N.Y.S. 2d 952 (Mun. Ct., Queens Co., 1943)(Landlord sought to terminate a tenancy on the ground of nuisance, the nuisance consisting of the tenant's daughter allegedly practicing the piano twelve hours a day. The court dismissed the petition). Here, Ms. Lesser, who works from home and actively monitors her birds at all times, affirms that they vocalize loudly, if at all, for only a few minutes a day. Every night, at approximately 9 p.m. the birds are covered and they sleep, absent any noise, until the covers are removed in the next morning.

While Mrs. Lesser disputes the allegation(s) contained in the Notice to Cure, upon and, indeed, prior to receipt of the Notice, she took affirmative steps to reduce any and all alleged objectionable noise emanating from her apartment. Electrical outlets were plugged and more carpeting was installed throughout the unit. Ms. Lesser closely monitors her birds and always covers their cages at night and whenever she leaves the apartment. In addition, Ms. Lesser has purchased and installed a professional sound panel to hang on the birds' cages in an effort to reduce noise. Finally, at considerable expense, Ms. Lesser plans to have a soundproof apartment door installed in her unit.[1]

Significantly, Ms. Lesser has made repeated requests to meet with any complaining tenants and/or the Board in order to come to an amicable solution. Thus far her requests have been ignored. Indeed, in May, 2015, Ms. Lesser complained about noise emanating from her neighbor's apartment and suspects this neighbor, Charlotte Kullen, who resides in apartment 5K, is acting in retribution, is the primary person complaining. To the extent that other shareholders who are members of the Board have joined in these specious complaints, they are acting in bad faith and in violation of their fiduciary duties as members of the Board. It must be noted that inspectors from the New York City Department of Environmental Protection ("DEP") have been summoned to Ms. Lesser's apartment on several occasions, apparently by

---

[1] Annexed hereto is a contract with Emerald Doors Inc.

Ms. Kullen, and have not once issued a noise or any other violation. As such, what is presented is a tenant who has taken pro-active steps to remedy what appears to be a one-sided dispute with a single neighbor whose motive is retaliatory and whose complaints are not made in good faith and are not well founded.

Finally, Ms. Lesser suffers from a disability and her parrots serve as emotional support animals. Ms. Lesser's treating psychiatrist, Dr. Adele Tutter, emphasizes that the presence of these animals is necessary for my client's mental well-being.[2] Ms. Lesser hereby requests that you offer her a reasonable accommodation and not pursue any litigation based upon the Notice. Should this matter not be resolved, Ms. Lesser intends to file a complaint at the New York City Commission on Human Rights and/or interpose this defense in and/or seek a stay of any ensuing litigation your client might elect to pursue.

Again, it is our desire to amicably resolve this matter, as Ms. Lesser has been attempting to do prior to retaining us. There is no basis or reason to further escalate this situation, much less consider the commencement of a proceeding seeking Ms. Lesser's eviction. In the event a Petition is filed, Ms. Lesser's rights, including potential recovery of attorneys' fees, will be vigorously defended and pursued by this firm.

If there are any questions or concerns, please do not hesitate to contact me.

Sincerely,

Samuel Himmelstein

cc: Meril Lesser

[Handwritten note on pink sticky: RESPONSE TO NOTICE TO CURE FROM ATTORNEY. RESPONSE FROM CO-OP.]

---

[2] A letter from Dr. Tutter is annexed hereto.

Adele Tutter, M.D., Ph.D.
300 Central Park West
New York, NY 10024
tel/fax 212/873 5190
atutter@mac.com

3.14.16



ESA LETTER From PSYCHIATRIST DR TUTTER

To Whom It May Concern,

I am licensed by the state of New York to practice Medicine with a specialty in Psychiatry. I am writing to certify that Ms. Meril Lesser, D. O. B.            has a mental health related disability recognized by the Diagnostic and Statistical Manual, 5th Edition.

Ms. Meril Lesser has been under my professional care for her mental health related disability since 2009, i.e. 7 years. I am thus intimately familiar with her history and with the functional limitations posed by her mental health-related issues, which interfere with her ability to manage what would otherwise be considered normal, but significant day to day situations. In order to function optimally, Ms. Lesser requires the presence of three emotional support animals: a bare eyed Cockatoo parrot named Layla (17 years old); a white fronted Amazon parrot named Ginger (15 years old); and a Goffins Cockatoo parrot named Curtis (20 years old). Two of these birds have been with her as long as she has lived in her current apartment, 17 years. It is important to emphasize that the presence of these animals is necessary for for the optimal functioning of Ms. Lesser, works from home, as their presence helps to mitigate the mental health symptoms she experiences. All three birds must be present as they are long-term companions of each other and cannot be separated without negative consequences.

Thank you for accommodating Ms. Lesser's disability, according to the Americans with Disabilities Act.

Adele Tutter, M.D., Ph.D.

Board Certified, National Board of Psychiatry and Neurology
Assistant Clinical Professor of Psychiatry, Columbia University College of Physicians
    and Surgeons
New York State Medical License 190057

New York State Medical License 190057