UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>-against-<br>Rutherford Tenants Corp and James Ramadei,<br>Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES AND <u>DOCUMENT REQUESTS</u>**<br>Docket No. 22CIV 10383 (PGG) |

Defendants by their attorneys Herrick Feinstein LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of the Southern District of New York, respond to the Plaintiff's request as follows:

1. Defendants object to each of the Plaintiff's demands to the extent that in whole or in part, they contravene the limitations set forth in Southern District Rule 33.3 interrogatories will be restricted to those seeking the names of the witness with knowledge or information relevant to the subject matter of the action and the existence, custodian location and general description of relevant documents.
2. Defendants object to the Plaintiff's demands to the extent that they call for production of information and documents that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or other applicable privilege or protection. Such objection may be made in the short form "privileged." To the extent Defendants ultimately produce documents in this lawsuit, no privileged or similarly protected documents will be produced, and the inadvertent production of any document protected by an applicable privilege or doctrine is not intended to constitute, and shall not constitute, a waiver in whole or in part of such privilege, doctrine, or objections.

3. Defendants object to the extent that the demands call for production of information and documents protected by any individual's right of privacy.
4. Defendants object to the Plaintiff's demands to the extent that they seek documents that are not relevant to the claims or defenses of any party to this lawsuit. Such objection may be made in the short form, "irrelevant" or "not calculated to lead to the discovery of admissible evidence."
5. Defendants object to the Plaintiff's demands overall, and each of them individually, to the extent that they are vague, overly broad and unduly burdensome. Such objection may be made in the short form, "vague," or "overly broad," or "unduly burdensome." Defendants further object to the Plaintiff's demands to the extent they seek materials that are not in Defendants current possession custody or control, or to the extent they seek the production of documents and information already in the possession of, publicly available to, or readily obtainable to Plaintiff.
6. Defendants object to the Plaintiff's demands as premature as the investigation and fact and expert discovery is ongoing in this action, and reserves the right to supplement all responses, pursuant to Rule 33, subsequent to the completion of discovery.
7. Defendants object to the Plaintiff's demands overall, and each of them individually, to the extent that they are compound and fail to separately state each matter as required by Federal Rule 36(a)(2). Such an objection may be made in the short form "compound."
8. Defendants object to the demands that seeks information or documents that are unreasonably cumulative or duplicative or are obtainable from some other source that is more convenient, and less burdensome or less expensive.

9. Each of the foregoing General Objections is applicable to each of Plaintiff's demands. The failure specifically to assert one or more General Objections in response to a particular demand shall not be deemed a waiver thereof. Subject to, and without waiving their general or specific objections to Plaintiff's demands, Defendants will provide a response to these requests in compliance with their obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, any other applicable law, and any governing stipulations and/or understandings with counsel for the defendant. Defendants reserve the right to amend and/or supplement this response.

## INTERROGATORIES

**INTERROGATORY NO. 1** Identify all persons with knowledge of the subject matter of this action.

**RESPONSE:** The 2016 Board of Directors. See attached. All currently reside at the Rutherford with the exception of Messrs. Kamins and Leggio. Present address unknown. (Exhibit A"). Also see Response No. 3.

**INTERROGATORY NO. 2** Identify all Board Members of the Rutherford, from January 1, 2014, to the present.

**RESPONSE:** See Exhibit A.

**INTERROGATORY NO. 3** Identify all persons who raised any complaints, concerns, or issues with Complainant's use of her apartment, including but not limited to noise allegedly emanating from Complainant's apartment.

**RESPONSE:** Charlotte Kullen, Sam Keany and Marcia Okon. All reside at the Rutherford.

**INTERROGATORY NO. 4** Identify all persons who reviewed, assessed, evaluated, discussed, or in any way considered Complainant's March 28, 2016, request for a reasonable accommodation, attached to the Complaint filed in this action as Exhibit A.

**RESPONSE:** The Board of Directors. During the course of the Housing Court litigation, the Board of Directors reviewed the request which was not reasonable since the Complainant failed to cure the nuisance created by her flock of birds.

**INTERROGATORY NO. 5** Identify all persons responsible for reviewing, assessing, evaluating, discussing, or in any way considering applications for emotional support animals under the Fair Housing Act, or any state or local fair housing law, at the Rutherford.

**RESPONSE:** N/A. The Rutherford had not had an application for an emotional support animal, The Co-op is a pet friendly building, and an application would not be necessary assuming that the animal would not disturb others residing in the building.

**INTERROGATORY NO. 6** Identify all persons who have submitted applications for emotional support animals under the Fair Housing Act, or any state or local fair housing law, at the Rutherford.

**RESPONSE:** N/A. The Complainant in response to a lawsuit filed in the Housing Court for the City of New York amended her answer to the complaint to assert that the flock of parrots she maintained were emotional support animals but failed to cure the noise nuisance that the birds created.

**INTERROGATORY NO. 7** Identify all persons responsible for reviewing, assessing, evaluating, discussing, or in any way considering applications for reasonable accommodations under the Fair Housing Act, or any state or local fair housing law, at the Rutherford.

**RESPONSE:** The Board of Directors would review the application.

**INTERROGATORY NO. 8** Identify all persons who have submitted applications for reasonable accommodations under the Fair Housing Act, or any state or local fair housing law, at the Rutherford.

**RESPONSE:** See Response to Nos. 5-7.

**INTERROGATORY NO. 9** Identify all persons who participated in any way in the decision to initiate eviction proceedings against Complainant.

**RESPONSE:** The Board of Directors that were in office at the time that the Notice to Cure was served. See Response to No. 2.

**INTERROGATORY NO. 10** Identify the bases for the Rutherford's continued prosecution of an eviction against Complainant, who has not resided at the Rutherford since August 2016.

**RESPONSE:** Objection. The Interrogatory violates Local Rule 33.3 which limits the answer for inquiries.

**INTERROGATORY NO. 11** Identify all persons who participated in the decision to deny the Application.

**RESPONSE:** The Board of Directors.

**INTERROGATORY NO. 12** Identify the specific reasons that the Board denied the Application.

**RESPONSE:** Objection. The Interrogatory violates Local Rule 33.3 which limits the answer for inquiries.

**INTERROGATORY NO. 13** Identify all persons who participated in the decision to, or are otherwise responsible for, the listing of attorney's fees on Complainant's maintenance statement, in or after 2018.

**RESPONSE:** Representatives of the management company after the Complainant was advised that legal fees would be added to her maintenance statement. The listing of Complainant's responsibilities for legal fees is set forth in the governing documents.

## REQUEST FOR DOCUMENTS

**REQUEST NO. 1** All documents concerning the subject matter of this action.

**RESPONSE:** Plaintiff's request is vague, overly broad, and unduly burdensome. Moreover, documents responsive to this request are also available to the public as well as from HUD and Complainant's counsel. Additional documents are attached.

**REQUEST NO. 2** All documents supporting any of the affirmative defenses asserted in the Answer in this matter, filed on January 28, 2022.

**RESPONSE:** The governing documents and Complainant's Proprietary Lease, House Rules and the decisions of the Housing Court are attached.

**REQUEST NO. 3:** All minutes, memoranda, notices, agendas, or any other documents relating to any Board meetings from January 1, 2014, to the present.

**RESPONSE:** Objection. Any minutes prior to or subsequent to a denial of the Application are outside the scope of discovery. See attached.

**REQUEST NO. 4** All documents authored or authorized by Complainant, or any representative of Complainant, from January 1, 1999, to the present.

**RESPONSE:** Plaintiff's request is vague, overly broad, and unduly burdensome. Moreover, documents responsive to this request are available to the public as well as Complainant's counsel in the form of submissions to the Court. See attached.

**REQUEST NO. 5** All communications between Complainant and the Board, including all communications between Complainant and any Board member.

**RESPONSE**: Defendants are unaware at this time of any document.

**REQUEST NO. 6** All complaints from whatever source raising any problems or issues with Complainant, including but not limited to problems or issues concerning any noises allegedly emanating from or in Complainant's apartment.

**RESPONSE:** The thumb drive that is being provided and the attached documents.

**REQUEST NO. 7** Any recordings of any noises allegedly emanating from or in Complainant's apartment.

**RESPONSE:** The thumb drive.

**REQUEST NO. 8** All communications between and among any Board Members relating to Complainant.

**RESPONSE:** Defendants are unaware of any communication between the Board Members relevant to the Complainant.

**REQUEST NO. 9** All communications relating to Complainant's March 28, 2016, request for a reasonable accommodation, attached to the Complaint filed in this action as Exhibit A.

**RESPONSE:** See attached letter from Defendant's counsel that was sent to Complainant's counsel.

**REQUEST NO. 10** All communications relating to the Application, including but not limited to documents or communications reflecting the specific reasons that the Board did not approve the Application.

**RESPONSE:** Objection. Said request is vague and overly broad. There was no communication between Board members. Each decides on their own as to the approval or rejection of a candidate.

**REQUEST NO. 11** All communications relating to the initiation and continued prosecution of the eviction action against Complainant.

**RESPONSE:** Objection. Said documents are available in the Housing Court to the public.

**REQUEST NO. 12** Any policies, practices, or procedures relating to applications for emotional support animals under the Fair Housing Act, or any state or local fair housing law, at the Rutherford.

**RESPONSE:** Objection, said request fails to set forth a time period. N/A. See Response to Interrogatory No. 5.

**REQUEST NO. 14** Any applications for emotional support animals under the Fair Housing Act, or any state or local fair housing law, received by the Board, including the Board's determinations upon such applications.

**RESPONSE:** N/A. See Response to Interrogatory No. 5.

**REQUEST NO. 15** Any policies, practices, or procedures relating to applications for reasonable accommodations under the Fair Housing Act, or any state or local fair housing law, at the Rutherford.

**RESPONSE:** N/A. The Rutherford is a pet friendly building and in 2015 did not have an occasion or need for a policy during the relevant time period.

**REQUEST NO. 16** Any applications for reasonable accommodations under the Fair Housing Act, or any state or local fair housing law, received by the Board, including the Board's determinations upon such applications.

**RESPONSE**: N/A.

**REQUEST NO. 17** Any assessment or evaluation of the value of Complainant's shares in the co-operative.

**RESPONSE**: Objection. This inquiry is outside the scope of the litigations is irrelevant.

Dated: New York, New York
June 14, 2022

Herrick Feinstein LLP
By *<u>/s/ Peter Livingston</u>*
Peter I. Livingston
2 Park Avenue
New York, NY 10016
212-592-1625
plivingston@herrick.com

**VERIFICATION**

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

James Ramadei, being duly sworn, deposes and says:

I am a defendant in the above captioned matter and have reviewed the responses to Plaintiff's Interrogatory and Document Requests and to the best of my knowledge are correct.

JAMES RAMADEI

Sworn to before me this
__ day of June, 2022

Notary Public

PETER I. LIVINGSTON
Notary Public, State of New York
No. 02LI4516747
Qualified in New York County
Commission Expires Aug. 31, 20__



HF 14435487v.3

**EXHIBIT A**

**RUTHERFORD TENANTS CORP BOARD OF DIRECTORS**

| | |
|---|---|
| James Ramadei | Since 2014 - Current |
| Milla Bouklieva | Since 2014 - 2015 |
| Samuel Keany | Since 2014 - 2015 |
| Jeffrey Ulrich | Since 2014 - 2015 |
| Marcia Okon | Since 2014 - Current |
| Nancy Benedetto | Since 2015 - Current |
| Bruce Kamins | Since 2015 - 2016 |
| Joe Leggio | Since 2019 - 2020 |
| Francesca Cooke | Since 2021 - 2021 |
| Michael Goldstein | Since 2021 - Current |
| Steven Troy | Since 2019 - Current |