ShapiroCroland

Shapiro, Croland, Reiser, Apfel & Di Iorio, LLP

Gregory S. Tabakman
gtabakman@shapiro-croland.com
Member NJ and NY Bar

September 15, 2015

**Via Certified Mail - RRR and Email**
Ms. Yessenia Camilo
Halstead Management Corp.
770 Lexington Avenue
New York, New York 10065

**RE: Meril Lesser – 230 E. 15th Street, Apt. 5J**
**Parrot Noise Complaint**

Dear Ms. Camilo:

This office represents Ms. Meril Lesser in connection with the above-matter. Kindly accept this letter in response to your letters dated May 15, 2015 and August 19, 2015, respectively, which allege a noise violation at 230 E. 15th Street – Apt 5J (the "Unit") on account of our client's pet parrots.

As you are no doubt aware, our client is a longtime unit owner having purchased the Unit in 1999. At the time of her purchase, the then Board of Directors ("Board") granted specific permission to our client to have the pet parrots reside in the Unit with her. Indeed, for over 16 years, our client has not had a single issue with respect to any noise made by her parrots.

When our client was initially contacted by Halstead Properties ("Halstead") with respect to the alleged noise violations in April 2015, she was informed that there had been complaints from several tenants about her birds. As we understand the Rutherford Tenants Corporation House Rules ("House Rules"), residents of the building, who have complaints concerning excessive noise, must present the complaint in writing to the management company. As such, our client has repeatedly asked for documentation regarding those complaints but Halstead has continuously ignored these requests. Instead, Halstead sent our client what she believes to be an edited audio recording of bird sounds which may or may not relate to her Unit.

Prior to receiving the August 19th letter, our client proactively moved to address any concerns with her Unit by adding more carpet and plugging electrical outlets to reduce any noise that emanates from the Unit. In addition, our client plans to add thicker curtains to her windows, which should also help minimize any sound from her parrots. Our client has also requested to

meet with any complaining tenants and the Board to come to an amicable resolution, but this request was again ignored.

In short, acting responsibly and reasonably in an apartment building setting is a two-way street. Given the manner that our client has proactively addressed what she believes to be unfounded complaints from anonymous complainants who seem to have an unreasonable axe to grind, there can be no question that our client has acted responsibly and reasonably. Sadly, however, your company and the Board have chosen to do nothing other than threaten litigation – a hardly reasonable and rationale approach under the circumstances. Indeed, we continue to believe that proactive steps taken by our client are, in the absence of reviewing the documentation previously requested, more than sufficient to address the Board's concerns. As such, we consider this matter closed.

If you wish to discuss this matter further, please contact me at your earliest convenience. However, if you prefer, for some unknown reason, to litigate this matter, note that we will not hesitate to vigorously defend our client's actions and will be more than happy to assert her affirmative claims for damages and attorneys' fees. The choice is yours.

Very truly yours,

Gregory S. Tabakman

GST:rl
cc: Meril Lesser (via email)
Stuart Reiser, Esq. (via email)