Peter Livingston
plivingston@herrick.com
**HERRICK, FEINSTEIN LLP**
Two Park Avenue
New York, New York 10016
Tel.: 212.592.1625
Fax: 212.592.1500
Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| United States of America, Plaintiff, | Answer |
| vs. | Case No. 21 CIV 10383 PGG |
| Rutherford Tenants Corp. and James Ramadei, Defendants | JURY TRIAL DEMANDED |

Defendants Rutherford Tenants Corp. ("Rutherford") and James Ramadei by their attorneys Herrick, Feinstein LLP and for their answer, allege as follow:

1. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the complaint and specifically deny all allegations of discrimination.

2. Deny the allegations set forth in paragraph 2 of the complaint.

3. Deny the allegations set forth in paragraph 3 of the complaint.

4. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint

5. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 5 of the complaint.

6. Admit the allegations set forth in paragraph 6 of the complaint.

7. Deny the allegations set forth in paragraph 7 of the complaint.

8. Admit the allegations set forth in paragraph 8 of the complaint.

9. Admit the allegations set forth in paragraph 9 of the complaint.

10. Admit the allegations set forth in paragraph 10 of the complaint.

11. Deny having knowledge on information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 12 of the complaint.

13. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 13 of the complaint except admit that Rutherford Tenant Corp. is a pet friendly building and permitted its shareholders to maintain pets that do not cause a nuisance that disturbs the quiet enjoyment of their neighbors.

14. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 14 of the complaint.

15. Deny that there had been a request for an assistance animal which required a policy to be implemented.

16. Deny having knowledge or information as to when Complainant moved into the Rutherford as alleged in paragraph 16 of the complaint except admit that Rutherford's governing documents prohibit a shareholder disturbing the quiet enjoyment of other occupants of the Rutherford or interfering with the rights of others and Complainant agreed to be bound by the terms of the governing documents.

17. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint except admit that the parrot noise emanating from Lesser's apartment violated the terms of the governing documents and resulted in complaints from neighbors.

18. Admit the allegations as alleged in paragraph 18 of the complaint except deny knowledge or information as to the truth of the allegation that the Complainant had emotional support birds.

19. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint and respectfully refer the Court to the email dated March 16, 2015 for its contents.

20. Admit the allegations set forth in paragraph 20 of the complaint, and refer the Court to the letter for its entire content.

21. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint and respectfully refer the Court to the letter dated September 2015 for its content.

22. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 22 of the complaint.

23. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 23 of the complaint.

24. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 24 of the complaint.

25. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 25 of the complaint.



HF 14190687v.3

26. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 26 of the complaint and admit that a Notice to Cure was issued.

27. Admit the allegations of paragraph 27 of the complaint that a letter was sent on or about March 28, 2016 but deny having knowledge or information as to the truth of the allegations contained therein.

28. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the complaint except admit that an order of preclusion was issued against Meril Lesser by the Civil Court of the City of New York in the matter of Rutherford Tenants Corp v. Meril E. Lesser (L+T 066886/2016) from introducing medical evidence of an alleged psychological condition requiring emotional support animals based upon Complainant Meril Lesser's deliberate failure to obey the Order of the Court to provide medical records and other documents related to her alleged disability.

29. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 29 of the complaint and respectfully refer the Court to the document for its contents.

30. Admit the allegations set forth in paragraph 30 of the complaint.

31. Admit the allegations set forth in paragraph 31 of the complaint.

32. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the complaint except admit that Complainant paid monthly maintenance.

33. Deny the allegations set forth in paragraph 33 of the complaint except admit that there is ongoing litigation pending in the Civil Court of the City of New York based upon

Complainant having failed to cure the nuisance that was created by parrot(s) in her apartment such nuisance interfered what the quiet enjoyment of other occupants of The Rutherford.

34. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint except admit there was a stipulation.

38. Deny the allegations set forth in paragraph 38 of the complaint except admit that there was an error made by Rutherford's management company by posting a charge on Complainant's maintenance statement for legal fees.

39. Deny the allegations set forth in paragraph 39 of the complaint of retaliation except admit it was an error by Rutherford's management company to include a charge for legal fees until the matter pending at the Civil Court had been concluded and until then the charges had been removed.

40. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 40 of the complaint.

41. Admit the allegations set forth in paragraph 41 of the complaint.

42. Admit the allegations set forth in paragraph 42 of the complaint.

43. Admit that the Board of Directors of the Rutherford denied an applicant's request to purchase the Complainant's apartment and deny having knowledge or information sufficient to form a belief as to the truth of the rest of the allegations set forth in paragraph 43 of the complaint.

44. Deny having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint, except admit that Rutherford refused to turn over the applicant's financial information to HUD since it did not have permission from the applicant to do so.

45. Deny the allegations in paragraph 45 of the complaint.

46. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 46 of the complaint.

47. Deny having knowledge or information sufficient to form a belief as to the truth of allegations set forth in paragraph 47 of the complaint.

48. Admit the allegations set forth in paragraph 48 of the complaint but deny any allegations of discrimination or retaliation.

49. Admit the allegations set forth in paragraph 49 of the complaint.

50. Answering paragraph 50 of the Complaint, Defendants repeat and reallege each and every admission, denial and denial of information or knowledge as alleged in paragraphs 1-49 as if fully set forth in this paragraph.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

**AFFIRMATIVE DEFENSES**

AS AND FOR THEIR AFFIRMATIVE DEFENSES, DEFENDANTS ALLEGE AS FOLLOWS:

<u>FIRST</u>

The complaint fails to state a claim against James Ramadei upon which relief can be granted.

SECOND

The complaint fails to state a claim against Rutherford Tenants Corp upon which relief can be granted.

THIRD

Whereas damages may have been sustained by Complainant, Merril Lesser was caused in whole or in part or were contributed to by reason of her want of due care, want of due diligence, negligence or wrong doing.

FOURTH

Complainant Merril Lesser assumed the risks of the damages allegedly sustained by her by disregarding the known and obvious risks associated with her breach of the governing documents of Rutherford Tenant Corp, and by interfering with the rights of the other occupants of Rutherford Tenant Corp to their entitlement to quiet enjoyment by maintaining parrot(s) in her apartment which created a noise nuisance that interfered with the rights of quiet enjoyment of the other occupants in the building.

FIFTH

The actions of Complainant Merril Lesser referred to in the Complaint and the Affirmative Defenses in Response are or by attribution should be deemed to be the acts of the Plaintiff and the Plaintiff is responsible for and bound by such actions.

SIXTH

Complainant Merril Lesser failed to mitigate the damages she allegedly sustained by reason of the conduct referred to in the complaint.

SEVENTH

Plaintiff based upon the Doctrines of Collateral Estoppel and Res Judicata is precluded from offering any arguments, evidence or testimony that is contrary to the determination made in the matter of Rutherford Tenant Corp v. Merril Lesser No. L+T 066866/2016, which precluded the offer of medical records into evidence at trial.

EIGHT

The Board of Directors of a cooperative corporation such as Rutherford Tenants Corp. is responsible for protecting both the individual and collective interests of its shareholders, as a result under the Business Judgement Rule, Courts should defer to the decision of the cooperative's Board of Directors when the actions are taken in good faith, within their authority and in furtherance of the cooperative's interest.

NINTH

The noise created by Complainant's parrot(s) was excessive, unreasonable, intrusive, occurred unpredictably and for unpredictable duration which affected the quiet enjoyment of other occupants of The Rutherford and affected their health, safety and welfare.

TENTH

Complainant knew that the noise created by Complainant's parrot(s) penetrated into the apartment walls of other residents of the Rutherford.

ELEVENTH

Had The Rutherford failed to take action to restrain the Complainant from harboring parrot(s) which in this instance caused excessive and continual noise that interfered with the quiet enjoyment of other occupants then in that event it could be liable for a breach of warranty claims asserted by the occupants that were affected by the noise caused by the Complainant's parrot(s).

TWELETH

On October 19, 2017, the Civil Court entered an order which *inter alia* required the Complainant to turn over documents including but not limited to medical records relating to Complainant's alleged mental health related to a disability diagnosis. The documents were to be turned over within thirty days. On December 12, 2017, a second order was issued by the Court requiring the records to be turned over by December 21, 2017. In an attempt to evade the Orders of the Civil Court, Complainant engaged in forum shopping by then filing a complaint with the New York State Division of Human Resources on January 29, 2018. This Agency subsequently dismissed the matter in deference to a complaint filed with the U.S. Department of Housing and Urban Development. Thereafter, the Civil Court issued a third order of preclusion with respect to Complainant's medical records.

Wherefore, Defendants James Ramadei and Rutherford Tenant Corp demand judgment against the Plaintiff and in their favor dismissing the Complaint, together with attorneys fees, costs and such other and further relief as the Court may deem just and proper.

Dated January 20, 2022

HERRICK, FEINSTEIN LLP
*Attorneys for DEFENDANTS*
By: ______________________
Peter Livingston
2 Park Avenue
New York, New York 10016
Telephone: 212.592.1625
Facsimile: 212.592.1500
PLivingston@Herrick.com