UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

  –against–

RUTHERFORD TENANTS CORP. and
JAMES RAMADEI,

                  Defendants.

21 CIV 10383 (JHR)(OTW)

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN
OPPOSITION TO THE GOVERNMENT'S
MOTION TO STRIKE DEFENDANTS' EXPERT**

Peter I. Livingston
Herrick, Feinstein LLP
2 Park Avenue
14th Floor
New York, NY 10016
Counsel for Defendants
Telephone: 212-592-1625
plivingston@herrick.com

HF 15116679v.3

# TABLE OF CONTENTS

                                                 **Page**

PRELIMINARY STATEMENT ...........................................................................................................1

FACTUAL BACKGROUND ...............................................................................................................1

ARGUMENT .........................................................................................................................................1

CONCLUSION ......................................................................................................................................2

HF 15116679v.3

ii

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Kidder Peabody v IAG Intern* 14F Supp. 2d 391 (S.D.N.Y 1998) ................................................... 2

*U.S. v. Russo* 74F.3d 1383 (2d cir. 1998) ........................................................................................ 2

## Other

Federal Rules of Evidence 704 ......................................................................................................... 2

HF 15116679v.3

## PRELIMINARY STATEMENT

Defendants' expert is an attorney and Adjunct Professor of Law at Brooklyn Law School where she teaches a course on Landlord and Tenant Law which includes the obligation of the parties under the Fair Housing Act p(31)[1].

In addition to being a member of the New York State Bar Association Committee on the judiciary she has served on the Board of Directors of two cooperatives corporations and is currently the President of the cooperative corporation where she currently resides.

## FACTUAL BACKGROUND

The Government brought this action under the Fair Housing Act claiming that the Defendants failed to provide (an unspecified) reasonable accommodation to the Complainant who maintained a flock of parrots in her apartment which disturbed her neighbors, affected the health of her next-door neighbor and interfered with the ability of the Rutherford to provide a habitable environment to all its shareholders.

## ARGUMENT

The testimony of Defendants' expert will explain the inner workings of a Board of Directors and its responsibility to all its shareholders and assist the trier of facts and explain familiar terms and concepts. The testimony will explain the role of House Rules and Proprietary Leases and how the obligations under these documents differ from the New York City Noise Code as it pertains to shareholders of a cooperative corporation.

As a Board Member who has reviewed purchase application (too many to count (p 136)), she can offer insight to the factors that Board Members consider under the Business Judgement

---

[1] Page reference are to portions of Ms. Riegel's deposition testimony.

1

Rule and the multiple factors that a Board considers to accept someone as a neighbor in their community which go beyond merely financial qualifications or a need a requirement to have written criteria as the Government suggests (p 129).

With respect to the Government's criticism of the fact that the eviction proceedings continued after Ms. Lesser vacated her apartment, Ms. Riegel can address the difference between legal possession and physical possession and the obligation of the Board to secure its legal fees for violations of its governing documents.

Moreover, as an expert she can explain the obligations of shareholders to pay legal fees for violations of Governing Documents.

The Government criticizes Defendants' expert for not having litigated a Fair Housing Act case but that is not the standards for disqualification.

The Advisory Committee notes describe the purpose of Rule 704(a) is to provide that lay persons and experts be admitted when helpful to the trier of facts. In _Kidder Peabody v IAG Intern_ 14F Supp. 2d 391 (S.D.N.Y 1998). The Court of Appeals approved the receipt into evidence which focused on factual consideration that a party has to make _U.S. v. Russo_ 74F.3d 1383 (2d cir. 1998).

That is exactly what Defendants' expert would be focused on and one not principles of law.

## **CONCLUSION**

The Court should deny the Government's third attempt to strike the Defendant's expert.

2

HF 15116679v.3

Dated: New York, New York
August 8, 2023

                                  **HERRICK, FEINSTEIN LLP**

                                  By: */s/ Peter I. Livingston*

                                  Peter Livingston, Esq.
                                  2 Park Avenue
                                  New York, New York 10016
                                  (212) 592-1400
                                  *Attorneys for Defendants*