UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RUTHERFORD TENANTS CORP. and JAMES RAMADEI,<br><br>Defendants. | **CONSENT DECREE**<br><br><br>21 Civ. 10383 (JHR) (OTW) |

## INTRODUCTION

**A.      Background**

This Consent Decree is entered into between the United States of America (the "United States") and Defendants Rutherford Tenants Corp. ("Rutherford") and James Ramadei ("Ramadei") (collectively, "Defendants");

WHEREAS, the United States brought this action (the "Action") to enforce provisions of the Fair Housing Act ("FHA"), codified at 42 U.S.C. §§ 3601–3619.  Specifically, the United States' complaint in this Action, filed on December 6, 2021, alleges that Defendants failed to accommodate a request for accommodation, and discriminated and retaliated against Complainant Meril Lesser ("Complainant") by seeking to evict her for maintaining emotional support animals in her apartment;

WHEREAS, The Rutherford is a residential cooperative apartment building that contains 175 units, located at 230 East 15th Street in New York, New York.  Defendant Rutherford is the shareholder cooperative;

WHEREAS, Defendant Ramadei was at all times relevant to this complaint the President of the Cooperative's Board of Directors (the "Board");

WHEREAS, the residential units at 230 East 15th Street are "dwelling[s]," as defined by 42 U.S.C. § 3602(b);

WHEREAS, on May 14, 2018, Complainant filed a timely complaint against Defendants with the Department of Housing and Urban Development ("HUD"), pursuant to 42 U.S.C. § 3610, alleging that Defendants' ongoing refusal to allow her to live with her emotional support animals at The Rutherford, and their ongoing effort to terminate her right to reside at The Rutherford, constitute discrimination against her because of her disability;

WHEREAS, on December 16, 2020, Complainant advised HUD of allegations of unlawful retaliation, which HUD investigated;

WHEREAS, the Secretary of HUD (the "Secretary") investigated the administrative complaint and attempted conciliation, without success, according to the requirements of 42 U.S.C. § 3610(a) and (b);

WHEREAS, based on HUD's investigation of the administrative complaint, the Secretary determined that there was reasonable cause to believe that Defendants discriminated against Complainant on the basis of disability, and engaged in retaliation against her;

WHEREAS, on January 15, 2021, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2), charging Defendants with engaging in discriminatory housing practices and retaliation in violation of the Fair Housing Act;

WHEREAS, on February 2, 2021, Defendants timely elected to have the charge decided in a federal civil action, pursuant to 42 U.S.C. § 3612(a), and agreed to toll the filing date until December 6, 2021;

WHEREAS, the parties agree that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).  The parties further agree that this controversy should be resolved without further proceedings and without an admission of liability, evidentiary hearing or a trial;

WHEREAS, Rutherford agrees to adopt a reasonable accommodation policy and provide other relief to Complainant as set forth herein;

WHEREAS, the unit as to which Complainant's shares in the co-operative appertain is currently occupied by a subtenant (the "Subtenant") until March 31, 2025 (the "Sublease"); and

WHEREAS, the parties agree to the entry of this Consent Decree.

**It is hereby ORDERED, ADJUDGED, and DECREED:**

## I.  GENERAL INJUNCTION

1.      Rutherford and each of its officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with it, are enjoined from discriminating on the basis of disability as prohibited by the FHA.  Specifically, Rutherford and each of its officers, employees, agents, successors, and assigns, and all other persons in active concert or participation with it, shall not:

    a.  discriminate in the sale or rental, or otherwise make unavailable or deny, a dwelling to any buyer or renter because of a disability of the buyer or renter, in violation of 42 U.S.C. § 3604(f)(1)(A);

    b.  discriminate in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

c.  fail or refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford persons with disabilities equal opportunity to use and enjoy a dwelling, as required by 42 U.S.C. § 3604(f)(3)(B);

d.  coerce, intimidate, threaten, or interfere with any person — including but not limited to Complainant — in the exercise or enjoyment of, or on account of any person having exercised or enjoyed, or on account of any person having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by Section 3604 of the FHA, in violation of 42 U.S.C. § 3617.

## II.  IMPLEMENTATION OF REASONABLE ACCOMMODATION POLICY

2.  As soon as reasonably possible, but no later than thirty (30) days after the entry of this Consent Decree, Rutherford shall adopt and implement the reasonable accommodation policy for receiving and handling requests for reasonable accommodations made by individuals with disabilities, entitled "Rutherford Reasonable Accommodation Policy," as attached hereto in Appendix A.

3.  Rutherford shall provide notice and documentation to the United States within fifteen (15) days of adoption and implementation of the Rutherford Reasonable Accommodation Policy.

4.  After adopting the Rutherford Reasonable Accommodation Policy, Rutherford shall not make any substantive revisions to the policy without prior approval from the United States.

### III.  RELIEF FOR COMPLAINANT

5.      Within thirty (30) days after entry of this Consent Decree, Rutherford shall pay to Complainant only upon receipt of a signed release at the time the Consent Decree is entered, time being of the essence, the amount of $165,000 (one hundred and sixty-five thousand dollars), pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1), as compensation for her claimed pain and suffering with regard this matter. This amount shall be inclusive of attorneys' fees. Complainant shall provide to Defendants the signed Release in the form of Appendix B and the stipulation of discontinuance in the form of Appendix D.

6.      Within thirty (30) days after entry of this Consent Decree, the parties shall dismiss with prejudice the proceeding captioned *Rutherford Tenants Corp. v. Lesser* (LT-066886-16/NY), including all claims and counterclaims therein. Each party to that proceeding shall bear its own costs and fees incurred in that proceeding.

7.      Within thirty (30) days after entry of this Consent Decree, Rutherford shall offer Complainant $585,000 (five hundred and eighty-five thousand dollars) in consideration for the sale of her shares free and clear of all liens and judgments in The Rutherford.  If Complainant accepts the offer within ninety (90) days of the offer being made, Defendants and Complainant shall schedule a closing date for this transaction at their mutual convenience within ninety (90) days.

8.      Defendants shall not assess a transfer fee, flip tax, or any other tax or fee upon Complainant in connection with this transaction. Defendants shall permit the current Subtenant to reside in Complainant's (current or former) unit at the Rutherford for the entire term of the Sublease, that is, through and including March 31, 2025.

9.      In the event that the sale by Complainant to the Rutherford described in paragraph 7 does not take place, Defendants shall, for ten years from entry of this Consent Decree: (a) permit subletting by Complainant; (b) waive all subletting fees to Complainant; (c) not unreasonably deny approval for a subletter to Complainant; (d) not unreasonably deny approval of a sale of the apartment by Complainant; (e) not deny approval of a sale of the apartment by Complainant to a member of the cooperative, for any reason other than the cooperative member's inability to pay; (f) not assess a transfer fee, flip tax, or any other tax or fee upon Complainant in connection with a sale; and (g) pay all brokerage costs incurred by Complainant in connection with the sale, up to a maximum of 3% of the sale price.

## IV.  EDUCATIONAL PROGRAM

10.      No later than thirty (30) days after the entry of this Consent Decree, Rutherford shall provide a copy of this Consent Decree to all of its agents and employees involved in managing, selling or leasing any of the dwellings at The Rutherford or involved in enforcing any of Rutherford's rules or regulations, including Ramadei.  Rutherford shall secure the signed statement from each such agent or employee acknowledging that he or she has received the Consent Decree, and has had an opportunity to read the Consent Decree and to have questions about the Consent Decree answered.  This statement shall be substantially similar to the form of Appendix C.

11.      During the term of this Consent Decree, any new agent or employee of Rutherford involved in managing, selling or leasing any of the dwellings at The Rutherford or involved in enforcing any of Rutherford's rules or regulations, no later than thirty (30) days after the date he or she commences such agency or employment relationship with Rutherford, shall be given a copy of this Consent Decree by Rutherford.  Rutherford shall require each such new agent or

employee to sign a statement acknowledging that he or she has received the Consent Decree, and has had an opportunity to read the Consent Decree and to have questions about the Consent Decree answered.  This statement shall be substantially similar to the form of <u>Appendix C</u>.

12.     In lieu of providing individuals or entities with copies of the Consent Decree as required by the preceding paragraphs of Part IV, Rutherford may, with the United States' advance written approval of the form and content of any proposed summary, instead provide a summary of the Consent Decree designed to provide personnel with information relevant to their positions.  Copies of the Consent Decree (or approved summary) may be provided electronically or by a link to a website where a copy of the Consent Decree (or approved summary) may be found.

13.     Rutherford shall establish, to the extent not already established, quarterly training for new employees or agents who receive, process, review or make determinations with regard to any reasonable accommodation request or who are involved in or responsible for enforcing any of Rutherford's rules or regulations.  Such quarterly trainings shall be conducted for the duration of this Consent Decree.

## V.  NOTICE OF RUTHERFORD'S REASONABLE ACCOMMODATION POLICY

14.     No later than ten (10) days after the date of entry of this Consent Decree, Rutherford shall post and prominently display in the common areas of each building a sign no smaller than 10 by 14 inches indicating that reasonable accommodations are available to persons with disabilities.

15.     Rutherford shall also post the Rutherford Reasonable Accommodation Policy in BuildingLink, in an accessible format.

16.     Rutherford shall, no later than ten (10) days after the adoption of the Rutherford Reasonable Accommodation Policy, notify in writing each resident of The Rutherford of the adoption and implementation of the policy and shall provide a copy of the policy with such notification.  Within ten (10) days of this notification to residents, Rutherford shall provide written confirmation to United States that it has done so.

17.     For the duration of this Consent Decree, in all future advertising in newspapers and electronic media, and on pamphlets, brochures and other promotional literature regarding Rutherford, Rutherford shall place, in a conspicuous location, a statement that Rutherford provides reasonable accommodations to persons with disabilities, as required by the FHA.

18.     No later than one hundred eighty (180) days after the date of entry of this Consent Decree, Rutherford shall submit to the United States an initial report regarding the signed statements of its employees and agents as specified in paragraphs 10 and 11 of this Consent Decree.  Thereafter, during the term of this Consent Decree, Rutherford shall, on or prior to the anniversary of the entry of this Consent Decree, submit to the United States a report regarding the signed statements of new employees and agents that, in accordance with paragraphs 10 and 11 of this Consent Decree, they have received and have had the opportunity to read the Consent Decree or summary of the Consent Decree, and have had an opportunity to have questions about the Consent Decree answered, except that the last report shall be due on or before sixty (60) days prior to the anniversary.

19.     For the duration of this Consent Decree, Rutherford shall provide the United States with a copy of any written administrative or judicial fair housing complaint against Rutherford or any of its officers, employees, agents, successors, or assigns, alleging unlawful disability discrimination under the FHA ("FHA Complaint"), and shall do so within ten (10)

days after receipt of any FHA Complaint. Upon reasonable notice, Rutherford shall also provide

the United States all information it may request concerning any FHA Complaint. Within ten (10)

days after the resolution of any FHA Complaint, Rutherford shall provide counsel for the United

States a copy of any document reflecting such resolution.

20.     For the term of this Consent Decree, Defendants are required to preserve all

records related to this Consent Decree, including but not limited to all records relating to: (1)

complaints against it or its agents or employees alleging discrimination in housing on the basis of

disability; and (2) its receipt and processing of requests for reasonable accommodations. Upon

reasonable notice to Defendants, representatives of the United States shall be permitted to inspect

and copy any such records of Defendants or investigate any complaints bearing on compliance

with this Consent Decree at any and all reasonable times, provided, however, that the United

States shall endeavor to minimize any inconvenience to Rutherford and The Rutherford residents

from such investigations.

21.     Rutherford must submit quarterly reports to the United States, providing the

following information:

     a.  A list of all persons, including contact information, who inquired about or
        applied for a reasonable accommodation; whether or not the request was an initial
        request or a request for a renewal of an accommodation;

     b.  the type of reasonable accommodation sought;

     c.  whether or not, in each instance, the accommodation sought was granted;

     d.  the date of the request and the reviewer or reviewers or the decision-maker;

     e.  if the request was denied, the reason for the denial;

     f.  whether a denied request was appealed and the outcome of the appeal, including

the rationale for the denial.

22.    Any notice pursuant to this Consent Decree shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

TO THE UNITED STATES:

Chief, Civil Rights Unit
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
(212) 637-2733
david.kennedy2@usdoj.gov

TO DEFENDANTS:

Peter I. Livingston, Esq.
Herrick Feinstein LLP
Counsel to Defendants
Two Park Avenue
New York, NY 10016
(212) 592-1625
plivingston@herrick.com

TO THE MANAGING AGENT:

Halstead Management Company LLC
770 Lexington Avenue
New York, NY 10065
(212) 508-7272

## VI.  RESOLUTION, DURATION OF CONSENT DECREE AND TERMINATION OF LEGAL ACTION

23.    This Consent Decree shall remain in effect for five (5) years following entry of this Consent Decree by the Court, except as set forth in paragraph 26.  By consenting to entry of this Consent Decree, the parties agree that in the event that Defendants engage in any conduct occurring after entry of this Consent Decree that leads to a determination of a violation of the

FHA, such conduct shall constitute a "subsequent violation" by Defendants pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

24.    The Complaint in this action is hereby dismissed as to Rutherford with prejudice but without prejudice to reinstatement in accordance with the next paragraph. The Complaint in this action is hereby dismissed as to Ramadei with prejudice, upon Defendants' compliance with paragraphs 5, 6, and 7 of this Consent Decree.

25.    The United States shall be entitled to reinstate the Complaint in this Action at any time during the duration of this Consent Decree if the Court determines that Rutherford has failed to perform, in a timely manner, any act required by this Consent Decree or has otherwise failed to act in conformance with any provision of this Consent Decree.

26.    The Court shall retain jurisdiction for the duration of this Consent Decree to enforce the terms of the Consent Decree.  The United States may move the Court to extend the duration of the Consent Decree in the interests of justice.  Defendants reserve the right to object to any such extension and to oppose any such motion.  The duration of the Consent Decree may also be extended upon approval by the Court.

27.    The United States and Defendants shall endeavor, in good faith, to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution.  However, in the event of a failure by the Defendants to perform, in a timely manner, any act required by this Consent Decree or otherwise for the Defendants' failure to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been

performed, and an award of any damages, costs, and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

28.     Upon the expiration of the Consent Decree, the Complaint in this action shall be dismissed with prejudice as to Defendants.


## VII.  TIME FOR PERFORMANCE

29.     Any time limits for performance imposed by this Consent Decree may be extended by the mutual written agreement of the United States and the Defendant to which the obligation applies.

## VIII.  COSTS OF LITIGATION

30.    The United States and Defendants shall bear their own costs and attorney's fees

associated with this litigation.

The undersigned apply for and consent to the entry of this Consent Decree:

*For the United States:*

Dated: New York, New York
      **My 12**___ , 2024

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

By:

DAVID J. KENNEDY
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No. (212) 637-2733
david.kennedy2@usdoj.gov

*For Rutherford and Ramadei:*

Dated: New York, New York
      **July 31**___ , 2024

PETER I. LIVINGSTON, ESQ.
Herrick Feinstein LLP
Counsel to Defendants
Two Park Avenue
New York, NY 10016
Telephone: (212) 592-1625
Email: plivingston@herrick.com

SO ORDERED:

HON. JENNIFER H. REARDEN, U.S.D.J.
DATED: August 15, 2024

**APPENDIX A**

**REASONABLE ACCOMMODATION POLICY**

Rutherford is committed to granting reasonable accommodations to its rules, policies, practices, or services when such accommodations may be necessary to afford people with disabilities an equal opportunity to use and enjoy their dwellings, as required by federal, state and local law.  A reasonable accommodation may include a change or exception to a rule or policy that is needed because of a person's disability, or it may be a physical change to a unit or common area.  It is Rutherford's general policy to provide reasonable accommodations to individuals with disabilities whenever an individual has a disability and there is a disability-related need for the requested accommodation.  A disability-related need for a requested accommodation exists when there is an identifiable relationship, or nexus, between the requested accommodation and the individual's disability.  Rutherford may deny the requested accommodation if providing it would impose an undue financial and administrative burden on Rutherford or fundamentally alter the nature of Rutherford's operations.  If granting a reasonable accommodation would impose an undue financial and administrative burden or would fundamentally alter the nature of Rutherford's operations, Rutherford will consult with you and provide any reasonable accommodation that would not impose such a burden or result in a fundamental alteration.

Rutherford accepts reasonable accommodation requests from persons with disabilities and those acting on their behalf.  Reasonable Accommodation Request forms are available from our Management Company and may be returned to that office when complete.  They will then be forwarded to the Board of Directors.  If you require assistance in completing the form, please contact our Managing Agent at Halstead Management Company, LLC.  If you wish to make the request orally, please contact any Board Member or Halstead Management Company, LLC.  Rutherford will keep a record of all requests.

We will make a prompt decision on your request.  If the request is of a time-sensitive nature, please let us know and we will expedite the decision-making process.  In the event we need additional information to make a determination, we will promptly advise you of the information needed.  It is Rutherford's policy to seek only the information needed to determine if a reasonable accommodation should be granted under federal, state, or local law.  We will not ask about the nature or extent of your disabilities.  If we grant the request, you will receive a letter so indicating.

If we deny the request, we will provide you with a letter stating all of the reasons for our denial.  If we believe that the requested accommodation poses an undue financial and administrative burden or a fundamental alteration to the nature of Rutherford's operations, we will schedule a meeting at a mutually convenient time to discuss possible alternative accommodations.  Rutherford will ask you to accept an alternative accommodation only if you agree it meets your disability-related needs.  We recognize that an individual with a disability is generally in the best position to know whether or not a particular accommodation will be effective in meeting his or her needs.  If agreement on an alternative accommodation is not

reached, we will send you a letter providing Rutherford's decision on your requested accommodation and a detailed explanation of Rutherford's reasons for a denial or decision to grant an alternative accommodation.

If an individual with a disability believes that the request has been denied unlawfully or a response has been unreasonably delayed, then he or she may file a complaint by writing or calling any of the following:

| U.S. Department of Housing and Urban Development Office of Fair Housing and Equal Opportunity 26 Federal Plaza, Room 3532 New York, NY 10278-0068 1-800-496-4294 File a Complaint – Main Page | HUD.gov / U.S. Department of Housing and Urban Development (HUD) | New York State Division of Human Rights One Fordham Plaza, 4th Floor Bronx, NY 10458 Tel No. (718) 741-8400 TDD: 1-718-741-8300 http://www.dhr.state.ny.us/ | New York City Division of Human Rights Bronx Regional Office 153-01 Jamaica Ave., Rm. 203 Jamaica, NY 11432 (718) 579-6900 https://www1.nyc.gov/site/cchr/enforcement/complaint-process.page |
|---|---|---|

*Assistance Animals*

One common type of reasonable accommodation is allowing a person with a disability to keep an assistance animal. An assistance animal is any animal that works, provides assistance, performs tasks for the benefit of a person with a disability, or provides emotional support that alleviates one or more identified symptoms or effects of a person's disability. Rutherford is dedicated to ensuring that individuals with disabilities may keep such animals in The Rutherford as required by federal, state, and local law.

An animal that is trained to do work or perform tasks for an individual with a disability is known as a service animal. It is often readily apparent that an animal is trained to do work or perform tasks for an individual with a disability, such as a dog that guides an individual with a visual impairment. Where it is readily apparent that an animal is a service animal, Rutherford will not inquire about the individual's disability or the animal's training.

In the case of a resident who requests a reasonable accommodation for an assistance animal that provides emotional support or other assistance that ameliorates one or more symptoms or effects of the resident's disability, Rutherford may require a statement from a health or social service professional[1] indicating:

---

[1] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or social workers.

      i.       That the applicant has a disability, and

      ii.     That the animal would provide emotional support or other assistance that would ameliorate one or more symptoms or effects of the disability.

In the case of a resident who requests a reasonable accommodation for an assistance animal that does work or performs tasks for the benefit of a person with a disability, Rutherford may require that the resident provide:

      i.       A statement from a health or social service professional indicating that the person has a disability, and

      ii.     Information that the animal has been individually trained to do work or perform tasks that would ameliorate one or more symptoms or effects of the disability, or information that the animal, despite lack of individual training, is able to do work or perform tasks that would ameliorate one or more symptoms or effects of the disability.

In the case of an assistance animal that both provides emotional support or other assistance that ameliorates one or more symptoms or effects of a disability and does work or performs tasks for the benefit of a person with a physical disability, Rutherford may require compliance with either of the two preceding paragraphs, but not both.

APPLICATION FOR REASONABLE ACCOMMODATION

PLEASE COMPLETE THIS FORM TO REQUEST AN ACCOMMODATION.  IF YOU REQUIRE ASSISTANCE COMPLETING THIS FORM, OR WISH TO MAKE THE REQUEST ORALLY, PLEASE CONTACT THE REASONABLE ACCOMMODATION COORDINATOR AT [_____].  RUTHERFORD WILL KEEP A RECORD OF ALL REQUESTS.

SHAREHOLDER NAME:  _____

ADDRESS:_____TELEPHONE #:  _____

PERSON REQUESTING ACCOMMODATION: _____
      (IF DIFFERENT FROM SHAREHOLDER)
      RELATIONSHIP TO SHAREHOLDER:  _____

1. Please describe the reasonable accommodation you are requesting:

2. Please explain why this reasonable accommodation is needed.  You need not provide detailed information about the nature or severity of the disability.

3. If you are requesting permission to have an assistance animal in your apartment where it is not readily apparent that the animal is a service animal, please answer the following:

    (a) Type of animal (for example, dog or cat):

    (b) Is the animal required because of a disability?  _____Yes _____No

    (c) Does the animal for which you are making a reasonable accommodation request perform work or do tasks for you because of your disability? _____Yes _____No

    (d) If the answer to 3(c) is YES:

        a. provide a statement from a health or social service professional indicating that you have a disability (*i.e.*, you have a physical or mental impairment that substantially limits one or more major life activities); and

        b. explain below how the animal has been trained to do work or perform tasks that ameliorate one or more symptoms or effects of your disability or, if the animal lacks individual training, how the animal is able to do work or perform tasks that would ameliorate one or more symptoms of effects of your disability:

        You may provide any additional information or documentation of the training or work you describe above and attach it to this application.

17

(e)    If the answer to 3(c) is NO:

> If the animal for which you are making a reasonable accommodation request does not perform work or do tasks for you because of your disability, but provides emotional support or ameliorates one or more symptoms or effects of your disability, please submit a statement from a health or social service professional stating that:

> a.    you have a disability (*i.e.*, you have a physical or mental impairment that substantially limits one or more major life activities); and

> b.    the animal would provide emotional support or other assistance that would ameliorate one or more symptoms or effects of your disability and how the animal ameliorates the symptoms or effect.

> Please attach such a statement to this application. You may use, but are not required to use, Form B.

(f)    Rutherford may deny a request to keep an assistance animal on the premises if the animal poses a direct threat (*i.e.*, a significant risk of substantial harm) to the health or safety of other individuals that cannot be eliminated or reduced to an acceptable level by a another reasonable accommodation, or if the animal would cause substantial physical damage to the property of others that cannot be reduced or eliminated by another reasonable accommodation. Rutherford will base such a determination only upon reliable, objective evidence of the specific animal's actual behavior or conduct and not on speculation or fear about the types of harm or damage an animal may cause.

(g)    If the assistance animal is a dog or cat, please provide a copy of the animal's rabies certificate that is required by New York law. If you have not selected an animal at the time you complete this application, Rutherford may approve the application with the condition that the applicant must submit a copy of the animal's rabies certificate that is required by New York law, before the selected animal moves in.

4.    If you are requesting a physical change to the interior of your unit, please describe the modifications. Please also submit Form X.

5.    If you are requesting a physical change to the exterior of your unit or to a public or common use area, please describe the modification. Please also submit Form X.

6.    If you are requesting a different accommodation, please describe it here:

_____
Signature

18

<u>RUTHERFORD GUIDELINES REGARDING ASSISTANCE ANIMALS</u>

A. Rutherford will grant reasonable accommodation requests consistent with the enclosed policy and the following relevant statutes:

    1.      The Fair Housing Act defines a person with a disability as one who: (a) has a physical or mental impairment which substantially limits one or more of such person's major life activities; or (b) has a record of having such an impairment; or (c) is regarded as having such an impairment, but such term does not include current, illegal use of or addiction to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)).

    2.      The New York State Executive Law defines a disability as (a) a physical, mental or medical impairment resulting from anatomical, physiological, genetic or neurological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques or (b) a record of such an impairment or (c) a condition regarded by others as such an impairment.

    3.      The New York City Administrative Code defines a disability as (a) any physical, medical, mental or psychological impairment, or a history or record of such impairment. (b) The term "physical, medical, mental, or psychological impairment" means: (1) an impairment of any system of the body; including, but not limited to: the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (2) a mental or psychological impairment.

B. Rutherford will review and respond promptly to all reasonable accommodation requests.

C. All information received by Rutherford regarding an individual's disability, including physical, mental, psychological, and/or psychiatric conditions, and disability-related need for a requested accommodation shall be kept confidential unless the individual authorizes the release of the information or Rutherford is required to produce the information in response to a subpoena or court order.

D. If the shareholder has a disability and a disability-related need for a reasonable accommodation under federal, state or local law, Rutherford will grant such accommodation, including a request to keep a service or assistance animal. Rutherford will not retaliate against any person because that individual has requested or received a reasonable accommodation. Rutherford will not discourage any individual from making a reasonable accommodation request, including a request to keep a service or assistance animal. Rules applicable to pets do not apply to service or assistance animals. However, when assistance animals are in The Rutherford's common or public areas, the assistance animal must be kept on a leash or in a carrier or cage, unless those devices prevent service animals from performing a disability-related task. Additionally, like any other

shareholder, owners of service or assistance animals remain subject to the provisions of their Occupancy Agreement.  Similarly, owners of service or assistance animals shall comply with all state and local animal laws except when such laws are preempted by the Fair Housing Act, Section 504 of the Rehabilitation Act, or the Americans with Disabilities Act or the owner is entitled to a reasonable accommodation.  Rutherford may take action against the owner for damages caused by a service or assistance animal only to the same extent that it takes such action against shareholders who have caused similar damages.

<u>FORM B –  Assistance Animal Requests</u>

IF YOU ARE SEEKING PERMISSION TO KEEP AN ASSISTANCE ANIMAL THAT HAS NOT BEEN TRAINED TO DO WORK OR PERFORM TASKS, PLEASE HAVE A HEALTH OR SOCIAL SERVICE PROFESSIONAL COMPLETE THIS FORM OR PROVIDE SIMILAR DOCUMENTATION.

SHAREHOLDER NAME:_____

ADDRESS:    _____TELEPHONE #: _____
          _____

I, _____ (shareholder name), intend to request that Rutherford Tenants Corp. permit _____ (if different from shareholder, state name and relationship to shareholder) to have an assistance animal as a reasonable accommodation for a disability.  In connection with that application, I am requesting that you complete this form regarding the disability.

Shareholder Signature: _____ Date: _____
          _____ _____

TO BE COMPLETED BY HEALTH OR SOCIAL SERVICE PROFESSIONAL


NAME:

ADDRESS:

TELEPHONE NUMBER:


1.   Does the individual identified above have a disability?  A disability is a physical or mental impairment that substantially limits one or more major life activities.

Yes _____ No _____

2. Does or would the assistance animal provide some type of disability-related assistance to the individual?  How does the animal assist with the individual with the individual's disability? One example of assistance is alleviating one or more of the symptoms or effects of a disability.

Yes _____ No _____

NAME:  _____

SIGNATURE: _____

TITLE: _____

DATE:_____

**APPENDIX B**

**RELEASE FORM**

In consideration of the payment of the sum of one hundred and sixty-five thousand dollars ($165,000) and other consideration, pursuant to the Consent Decree entered in *United States of America v. Rutherford Tenants Corp. and Ramadei*, 21 Civ. 10383 (JHR) (OTW) (S.D.N.Y.), and because I have decided to sell my shares and agree not to reside at the Rutherford in the future because of the discriminatory conduct alleged in the Complaint, I hereby release the Defendants named in this action from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in the above-styled action and that occurred before the date of this release.

I understand that it will not be a violation of this release for me to enter the unit to inspect the unit, to the extent reasonably necessary, in good faith, in connection with the sale of the unit and/or subletting of the unit.

I fully acknowledge and agree that this release of the Defendants shall be binding on my heirs, representatives, executors, successors, administrators, and assigns.

I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.

_____
(Signature)

_____
(Print name)

_____
(Date)

23

**APPENDIX C**

**ACKNOWLEDGMENT OF RECEIPT OF CONSENT ORDER**

I _____, am an employee of _____ and my duties include _____.  I have received and read a copy of the Consent Decree in *United States of America v. Rutherford Tenants Corp. and Ramadei*, 21 Civ. 10383 (JHR) (OTW) (S.D.N.Y.), and have been given instruction on (1) the terms of this Consent Decree, (2) the requirements of the Fair Housing Act, particularly related to the Act's reasonable accommodation requirements, and (3) my responsibilities and obligations under the Consent Decree and the Fair Housing Act.  I have had all of my questions concerning the Consent Decree answered to my satisfaction.


_____, 20___


_____
Employee Signature

**APPENDIX D**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK; PART C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUTHERFORD TENANTS CORP.,                                          :
                                                                   :
                                  Petitioner,                      :
                                                                   :         **STIPULATION OF**
                                  vs.                              :         **DISCONTINUANCE**
                                                                   :         **WITH PREJUDICE**
                                                                   :
MERIL E. LESSER.,                                                  :         Index No.: 066886/16
                                                                   :
                                  Respondent.                      :
                                                                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      **IT IS HEREBY STIPULATED AND AGREED**, by the parties herein that the above-entitled action, together with all counterclaims, be and the same are, hereby discontinued, with prejudice and without costs to any party and this stipulation may be filed with the Clerk of the Court without further notice.

      As the Respondent, I wish to proceed *pro se*, meaning I wish to represent myself and not use the services of my former attorneys Wenig Saltiel LLP, who originally appeared for me in this action. The issues that were raised in this proceeding have all been resolved in a Fair Housing case brought by the U.S. Government in Federal Court for the Southern District of New York and accordingly I wish to terminate with prejudice this case.

Dated: New York, New York
      August ___, 2024

**RUTHERFORD TENANTS CORP.**                    **MERIL E. LESSER**
*Petitioner*                                     *Respondent Pro se*


By: _____                     By: _____
                                                 Meril E. Lesser
                                                 230 East 15th Street
**HERRICK, FEINSTEIN LLP**                       Apartment 5J
*Attorneys for Petitioner*                       New York, New York 10003

By: _____
Peter I. Livingston, Esq.
Two Park Avenue
New York, New York 10016
T: (212) 592-1652